IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

ALLSTATE PROPERTY AND          :
CASUALTY INSURANCE CO.         :
a/s/o Joseph and Joan Holoman, :
            Plaintiff,    :
                                                   :      Civil No. 5:20-cv-01834-JMG
          v.             :
                              :
DYNAMIC SOLUTIONS WORLDWIDE,   :
LLC, *et al*.                  :
            Defendants.   :
_____

**MEMORANDUM OPINION**

On July 18, 2019, the family home of Joseph and Joan Holoman was destroyed in a fire alleged to have been caused by a defective insect trap. Allstate Property and Casualty Insurance Company ("Allstate") subsequently filed a subrogation action against Dynamic Solutions Worldwide, LLC ("Dynamic Solutions"), the manufacturer of the trap, and QVC, Inc. ("QVC"), the wholesaler from whom it was purchased. Before the Court is a Motion for Judgment on the Pleadings by QVC, which seeks to compel Dynamic Solutions to make good on its purported agreement to defend and indemnify QVC from actions of the type brought by Allstate. The Court agrees that Dynamic Solutions is bound to defend QVC, but defers the question of whether indemnification is also required until resolution of the underlying matter. For the reasons set forth below, QVC's Motion is granted in part.

**I.      FACTUAL BACKGROUND**

    **A.      Allegations**

QVC issued two Purchase Orders to Dynamic Solutions for several thousand DynaTrap

Flylight Indoor Insect Trap with Atrakta Glo UV Technology ("DynaTrap") units on November 20, 2018, and two more Purchase Orders on December 11, 2018. Def.'s Reply, Ex. 1, ECF No. 19. Each Purchase Order contained the same terms and conditions. *Id.* Acceptance of the Purchase Orders' terms was an express condition of QVC's purchase of the DynaTrap units. *Id.* Likewise, shipment of the DynaTrap units constituted acceptance of the terms and conditions of the Purchase Orders. *Id.* Dynamic Solutions subsequently shipped the DynaTrap units to QVC.[1] Def.'s Mot. 4, ECF No. 14. QVC argues that Dynamic Solutions therefore manifested an intent to be bound by the terms of the Purchase Orders. *Id.* These terms included an indemnification provision, whereby Dynamic Solutions agreed to defend and indemnify QVC against any lawsuits based on any alleged defect in the DynaTrap units and any ensuing property damage they may cause. *Id.* at 2.

    **B.**    **Procedural History**

On April 8, 2020, Allstate a/s/o Joseph and Joan Holoman filed a Complaint against Dynamic Solutions and QVC alleging negligence, strict product liability, and breach of warranty arising from the Holoman's purchase of a DynaTrap unit from QVC. *See* Compl., ECF No. 1. QVC filed its Answer on May 22, 2020 denying liability and asserting three crossclaims against Dynamic Solutions.[2] *See* Answer 16–22, ECF No. 8. Count I of QVC's crossclaims asserts that Dynamic Solutions contractually agreed to defend and indemnify QVC against any claims arising from consumer use of the DynaTrap product. *Id.* at 20 ¶¶ 22–23. Count II alleges that Dynamic Solutions breached its duty to defend and indemnify by failing to provide prompt

---

[1] Dynamic Solutions does not dispute that they manufactured and distributed the DynaTrap units through QVC by way of a purchase order transaction. Def.'s Br. in Opp'n 2, ECF No. 15.
[2] Dynamic Solutions filed its Answer on May 14, 2020 denying liability and asserting crossclaims against QVC. *See* Answer 10–11, ECF No. 6. Dynamic Solutions withdrew those crossclaims via stipulation on May 22, 2020. ECF No. 11.

assurance of its intent to do so.  *Id.* at 21 ¶¶ 28–31.  Count III argues that QVC is entitled to a judicial declaration that Dynamic Solutions must reimburse QVC for its legal expenses arising from its defense against Plaintiff's claims and Dynamic Solutions crossclaims.  *Id.* at 22 ¶¶ 35–36.  QVC further seeks a declaratory judgment that Dynamic Solutions must indemnify QVC for any judgment entered against QVC or settlement proceeds paid by QVC to Plaintiff arising from Plaintiff's claims.  *Id.*

On June 29, 2020, QVC filed a Motion for Judgment on the Pleadings on Counts I, II, and III of its crossclaims against Dynamic Solutions.  *See* Def.'s Mot.  Dynamic Solutions filed its Response on July 14, 2020, arguing that QVC's Motion was premature since QVC could not provide the applicable Purchase Orders containing the indemnity provision in question.  *See generally* Def.'s Resp. in Opp'n.  QVC produced said Purchase Orders on August 14, 2020 and explained that, but for its inability to access the exact Purchase Orders relevant to this case due to the ongoing COVID-19 pandemic, QVC would have attached them to its Answer and Motion for Judgment on the Pleadings.  *See* Def.'s Reply 1.  At the request of the Court, QVC filed a Supplemental Reply on November 12, 2020, clarifying this issue and confirming that QVC had produced copies of the original Purchase Orders between QVC and Dynamic Solutions as of August 14, 2020.  *See generally* Def.'s Suppl. Reply, ECF No. 25.

## II.   LEGAL STANDARD

At the conclusion of the pleadings stage, "but early enough not to delay trial, a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer."  *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).  A motion for judgment on the pleadings will only be granted "when the moving party clearly establishes that

no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law." *Hollander v. Ranbaxy Laboratories Inc.*, No. 10-793, 2011 WL 248449, at *3 (E.D. Pa. Jan. 24, 2011) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). In reviewing a 12(c) motion, the court applies the same standard as that applied under Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004).

Under the 12(b)(6) standard, "the court must determine whether the complaint is supported by well-pleaded factual allegations." *Wolfington v. Reconstructive Orthopaedic Associates II, P.C.*, 268 F. Supp. 3d 756, 760 (E.D. Pa. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, the court must find that the moving party is "plausibly" entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). In other words, the moving party must allege a clear and concise claim showing that they are entitled to relief and support such claim with sufficient facts so as to render it plausible. *See Iqbal,* 556 U.S. at 555. The court may consider "the pleadings and attached exhibits, [and] undisputedly authentic documents attached to the motion…if plaintiff's claims are based on the documents." *Atiyeh*, 742 F. Supp. 2d at 595. During this analysis, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

### III.    ANALYSIS

#### A.    **Indemnity Contracts and Applicable State Law**

In Pennsylvania, indemnity is available where the parties have an express contract to

indemnify.[3]  *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 448 (3d Cir. 2000).  Courts construe express indemnity contracts "to effectuate the contracting parties' intent as manifested from the contract's plain language and in light of the situation of the parties and the circumstances connected with the transaction."  *Richardson v. John F. Kennedy Memorial Hosp.*, 838 F. Supp. 979, 990 (E.D. Pa. 1993).  When the terms of the contract are clear and unambiguous, the court must determine the intent of the parties exclusively from the terms of the contract itself.  *Metzger v. Clifford Realty Corp.*, 476 A.2d 1, 5 (Pa. Super. 1984).  The terms of a contract are clear absent "objective indicia that…[they] are susceptible of different meanings."  *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 1011 (3d Cir. 1980).  This determination is ultimately a question of law.  *Id.*

### B.   Purchase Order Indemnification Provision

QVC alleges that Dynamic Solutions entered into a purchase order contract with a clear, unambiguous, and enforceable indemnification provision.  Def.'s Mot. 2.  Therefore, they argue, Dynamic Solutions must pay the legal fees and costs associated with QVC's defense in this litigation and indemnify QVC for any ensuing award or settlement.  *Id.* at 5.  Section 4 of the Agreement provides in relevant part:

> Consigner hereby agrees to protect, defend, hold harmless and indemnify Buyer, its parents, subsidiaries and affiliates…from and against any and all claims, actions, suits, costs, liabilities, damages and expenses (including, without limitation, all direct, special, incidental, exemplary and consequential damages and losses of any kind (including, without limitation, present and prospective lost profits and lost business) and reasonable attorneys' fees) based upon or resulting from: … (b) any alleged or actual defect in any of the Merchandise; (c) any alleged actual injury or death to person or damage to property arising out of the furnishing, use or performance of the Merchandise; (d) breach by

---

[3] The Purchase Order Agreement provides that "all matters arising out of or relating to this Order shall be governed by the laws of the Commonwealth of Pennsylvania applicable to contracts to be performed wholly therein, regardless of place of acceptance."  Def.'s Reply Br., Ex. 1 ¶ 15.  Pennsylvania courts generally honor the parties' choice of law provisions during contract disputes.  *DL Resources, Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 216 (3d Cir. 2007) (citing *Nationwide Mut. Ins. Co. v. West*, 807 A.2d 916, 920 (Pa. Super. 2002)).  Therefore, the Court will apply Pennsylvania law to interpret the provisions of this contract.

Consignor of any representations, warranties or covenants; (e) any alleged or actual violation by Consignor and/or the Merchandise of any applicable laws; and (f) any other breach by Consignor of the provisions of this Order.

Def.'s Reply, Ex. 1 ¶ 4.

Dynamic Solutions does not dispute that it accepted the terms and conditions of the Agreement when it distributed the DynaTrap units to QVC pursuant to the Purchase Orders. Additionally, Dynamic Solutions does not offer a competing interpretation of the terms of the indemnification provision, nor does it dispute the interpretation asserted by QVC. In fact, the only objection Dynamic Solutions has offered is that QVC did not initially provide the exact Purchase Orders in question when they filed the present Motion. Def.'s Resp. in Opp'n 4. QVC has since produced said Purchase Orders. Def.'s Reply, Ex. 1. Therefore, there is no factual dispute that Dynamic Solutions agreed to defend and indemnify QVC against all claims, costs, damages, and expenses resulting from any alleged defect in the DynaTrap units.

### C. Breach of Indemnification Provision

Pennsylvania law requires plaintiffs alleging a breach of contract to establish (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). QVC alleges that Dynamic Solutions breached the Agreement by failing to defend and indemnify QVC in the present litigation and, as a result, they have incurred litigation expenses. Def.'s Mot. 5. Section 4 of the Agreement provides in relevant part:

> In the event Consignee notifies Consignor in writing of a claim, demand, action, suit or other matter ("Claim") to which the foregoing indemnity applies, Consignor shall within five (5) days after receiving Consignee's notice of such Claim (i) provide prompt assurance to Consignee's reasonable satisfaction of Consignor's ability to so indemnify, and (ii) commence to defend such Claim at Consignor's sole cost and expense. In the event that Consignor fails to timely meet its obligations set forth in the immediately

preceding sentence, Consignee may, at its option, assume the defense or settlement of such Claim in its own name and all recoveries from such Claim shall belong to Consignee. In the event Consignee makes such recovery, said recovery shall be in addition to any and all other rights Consignee may have at law or in equity. In all instances in which a Claim is asserted, Consignee may elect counsel to represent it and Consignor shall be solely responsible for the payment or reimbursement, at Consignee's option, of counsel fees and all other fees and costs incurred in defending such Claim, for any and all damages arising thereunder, and for any and all amounts paid by Consignee in settlement thereof…In addition, Consignor shall be responsible for all costs of any kind incurred by Consignee in responding to any discovery or legal process served upon Consignee, its subsidiaries and/or affiliates in connection with litigation between a third party and Consignor (or any person or entity affiliated with Consignor), which costs shall be charged to Consignor or deducted from amounts due to Consignor, at Consignee's option.

Def.'s Reply, Ex. 1 ¶ 4.

Plaintiff filed its Complaint on April 8, 2020. Def.'s Suppl. Br. 1. The following day, QVC sent a letter via electronic mail, along with a copy of the Complaint, to a representative of Dynamic Solutions informing them of the lawsuit and seeking confirmation that Dynamic Solutions intended to comply with the terms of the indemnification provision. Def.'s Suppl. Br., Ex. B. This representative subsequently referred QVC to Paula Donohue of The Hanover Insurance Group, who handles insurance claims for Dynamic Solutions. *Id.* On April 27, 2020, Ms. Donohue informed QVC that they must provide a copy of the applicable Purchase Order in order to review and respond to their defense and indemnity request. *Id.*

Although QVC was unable to access the exact copies of the Purchase Orders, they provided a copy of the indemnity language to Ms. Donohue on May 1, 2020. *Id.* QVC explained that this language was identical to the Purchase Orders from November and December 2018 and that Dynamic Solutions had copies of said Purchase Orders in their possession as well. *Id.* After receiving no reply, QVC sent a follow-up email on May 5, 2020 requesting confirmation of Dynamic Solutions' compliance with the Agreement. *Id.* Dynamic Solutions did not respond and instead filed a crossclaim against QVC for indemnification for Plaintiff's

claims, which it later withdrew on May 22, 2020. *Id.* at 2–3; ECF No. 11. To date, Dynamic Solutions has not confirmed that it will defend or indemnify QVC. Def.'s Mot. 5. As a result, QVC has incurred legal expenses defending this action, and continues to do so. *Id.*

Dynamic Solutions does not dispute that QVC notified them of the Complaint filed on April 8, 2020. They do not contest that the indemnity provision required Dynamic Solutions to, within five days, provide prompt assurance of their ability to indemnify and commence defending QVC. Dynamic Solutions does not dispute that they have not provided prompt assurance that they will defend or indemnify QVC. They also do not dispute that QVC has incurred legal expenses defending this action. Therefore, there is no factual dispute that: (1) Dynamic Solutions agreed to defend and indemnify QVC against all claims, costs, damages, and expenses resulting from any alleged defect in the DynaTrap units; (2) Dynamic Solutions has not provided prompt assurance that it will defend or indemnify QVC in this litigation; and (3) QVC has incurred legal expenses throughout the course of this case.

### D.     Declaratory Judgment

QVC seeks a judicial declaration that Dynamic Solutions is obligated to reimburse QVC for its legal costs associated with its defense against Plaintiff's claims and Dynamic Solutions' crossclaims. Def.'s Answer 22. Additionally, QVC requests a declaratory judgment stating that Dynamic Solutions must reimburse QVC for any judgment entered against QVC or settlement proceeds paid by QVC to Plaintiff arising from Plaintiff's claims. *Id.*

A court may "upon the filing of an appropriate pleading…declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "District courts have broad discretion in deciding whether to entertain declaratory judgment actions." *Invensys Inc. v. American Mfg. Corp.*, No.

Civ. A. 04-3744, 2005 WL 600297, at *5 (E.D. Pa. March 15, 2005) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 277–78 (1995)).  However, courts should not exercise this power before there is a legitimate dispute between the parties.  *Step-Saver Data Systems, Inc. v. Wyse Tech., The Software Link, Inc*, 912 F.2d 643, 647 (3d Cir. 1990).  The court must therefore avoid premature adjudication by limiting declaratory judgments to actual controversies of sufficient immediacy.  *First Specialty Insurance Corporation v. Hudson Palmer Homes, Inc.*, No. 17-5732, 2018 WL 6002318, at *3 (E.D. Pa. Nov. 14, 2018).

Dynamic Solutions' duty to defend is "separate and distinct from its duty to indemnify." *Jacobs Constructors, Inc. v. NPS Energy Services, Inc.*, 264 F.3d 365, 376 (3d Cir. 2001).  Indeed, "the duty to defend is broader than the duty to indemnify." *Bowman v. Am. Homecare Supply, LLC*, No. 07-3945, 2008 WL 4787558, at *6 (E.D. Pa. Oct. 30, 2008) (applying *Step-Saver* duty to defend and indemnify analysis to third party commercial indemnification contracts).  The former arises whenever the complaint filed by the injured party alleges claims that "are or reasonably appear to be within the scope of the indemnity agreement." *Products and Chemicals, Inc. v. Proctor and Gamble Manufacturing Company*, No. 18-4878, 2019 WL 4751885, at *12 (E.D. Pa. Sept. 30, 2019) (quoting *Step-Saver*, 912 F.2d at 650)).  Where the factual allegations by the moving party, taken as true, state a claim potentially covered under the indemnification provision, the nonmoving party must "defend the case until it [can] confine the claim to a recovery that the policy [does] not cover." *Jacobs Constructors*, 264 F.3d at 376 (quoting *Cadwallader v. New Amsterdam Cas. Co.*, 396 152 A.2d 484, 488 (Pa. 1959)).

The duty to defend also "carries with it a conditional obligation to indemnify in the event the insured is held liable for a claim covered by the policy." *General Acc. Ins. Co of America v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997).  However, "the duty to indemnify arises only after the

indemnitee is obligated to pay money to a third party." *Kerrigan v. Villei*, 22 F. Supp. 2d 419, 427 (E.D. Pa. 1998). "Any action for indemnification before such payment…is premature." *F.J. Schindler Equipment Co. v. Raymond Co.*, 418 A.2d 533, 534 (Pa. Super. 1980). Until Dynamic Solutions is forced to decide whether to concede liability regarding their duty to indemnify QVC, this Court has nothing to adjudicate. *Step-Saver*, 912 F.2d at 649.

QVC has established the requisite elements for breach of contract with regards to Dynamic Solutions' duty to defend. *See supra* Section III.C. Dynamic Solutions agreed to defend QVC against all claims, costs, damages, and expenses resulting from any alleged defect in the DynaTrap units. To date, Dynamic Solutions has failed to do so. QVC has incurred attorney's fees and costs associated with this case as a result. Therefore, QVC is entitled to reimbursement for its legal expenses arising from its defense against Plaintiff's claims and Dynamic Solutions' crossclaims.

Dynamic Solutions also agreed to indemnify QVC against all claims, costs, damages, and expenses resulting from any alleged defect in the DynaTrap units. *See supra* Section III.B. To date, Dynamic Solutions has not provided prompt assurance that it will do so. *See supra* Section III.C. While the Court acknowledges that Dynamic Solutions has a *conditional* duty to indemnify, liability has not yet been established in the underlying litigation against QVC and Dynamic Solutions. Accordingly, the potential harm against QVC is contingent on a future event, rendering a declaration concerning Dynamic Solutions' duty to indemnify premature at this stage. The Court therefore declines to enter a declaratory judgment regarding indemnification and defers resolution of that issue until it is ripe for adjudication.

**IV.   CONCLUSION**

Dynamic Solutions agreed to defend and indemnify QVC against all claims, costs,

damages, and expenses resulting from any alleged defect in the DynaTrap units.  To date, Dynamic Solutions has failed to provide prompt assurance of its intention to honor its contract with QVC.  Therefore, QVC's Motion for Judgment on the Pleadings as to Counts I and II are granted.  As to Count III, QVC's Motion is granted with regard to Dynamic Solutions' duty to defend QVC in the underlying litigation against Allstate.  QVC has stated a claim potentially covered under the indemnification provision, thus Dynamic Solutions has the present duty to defend QVC in this action.  To the extent QVC seeks declaratory judgment concerning Dynamic Solutions' duty to indemnify, QVC's motion is not yet ripe and dismissed without prejudice.  An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge