IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE CO. a/s/o Joseph and Joan Holoman, Plaintiff, | : : : : : : : : : : : | Civil No. 5:20-cv-01834-JMG |
| v. | | |
| DYNAMIC SOLUTIONS WORLDWIDE, LLC, *et al*. Defendants. | | |

**MEMORANDUM OPINION**

**GALLAGHER, J.** May 7, 2021

**I. OVERVIEW**

This case presents a repeated, flagrant disregard of the Court's discovery orders. However, today is not "Groundhog Day," and the Court is not Bill Murray. Unlike the comedic film, a civil litigant cannot expect a redo of the deadlines every time the alarm clock sounds their expiration. Presently before the Court is Plaintiff's Motion to Preclude one of Defendant's expert witnesses. Plaintiff seeks preclusion of Christopher Graham, Defendant's proffered electrical expert, based on Defendant's recurring failures to meet the Court's discovery deadlines and late disclosure of Mr. Graham's expert report. Having previously imposed lesser sanctions on counsel in an effort to compel compliance with the Court's deadlines, to no avail, the Court finds that preclusion is an appropriate sanction. Accordingly, Plaintiff's Motion is granted.

1

## II.  FACTUAL BACKGROUND

This subrogation matter arises from a house fire that occurred on July 18, 2019.  Pl. Mot. 1.  Pursuant to the Court's Scheduling Order issued on September 1, 2020, affirmative expert reports were due December 11, 2020, rebuttal expert reports were due January 11, 2020, and all fact and expert discovery was to be completed no later than January 29, 2021.  *See* ECF No. 21.  On January 26, 2021, Defendant filed a Motion to Allow Evidentiary Inspection, seeking leave to allow a fire origins expert and electrical expert to submit reports and offer testimony at trial despite failing to formally disclose these experts to Plaintiff prior to the expiration of the expert report deadlines.  *See* ECF No. 39.  Plaintiff opposed this Motion and moved to preclude Defendant's proposed experts.  *See* ECF No. 40.

Defendant claimed to have only become aware of the need to retain an electrical engineer on November 2, 2020, when Plaintiff submitted the expert report of their electrical engineer.  Defendant's fire origins expert had already inspected the relevant evidence in this case and completed a report on April 10, 2020.  However, Defendant argued that Plaintiff's expert report necessitated additional rebuttal by an electrical expert.  Defendant also maintained that recent witness testimony, elicited during a deposition on February 9, 2021, further warranted evidentiary inspection by an electrical engineer.

The Court granted Defendant's Motion for Evidentiary Inspection on March 15, 2021.  *See* ECF No. 51.  In the Order, the Court noted that Defendant did not contact Plaintiff regarding the need for additional evidentiary inspection by their electrical expert until January 8, 2021.  The Court also noted that Defendant did not submit the report of their fire origins expert to Plaintiff until January 14, 2021.  Finally, the Court emphasized that Defendant did not bring the aforementioned issues to the Court's attention until January 26, 2021.  Accordingly, the Court

found that Defense counsel failed to exercise reasonable diligence. However, the Court also found that the interests of justice weighed in favor of allowing Defendant's electrical expert to inspect the evidence in question and allow both experts to submit their reports. The Court therefore rescheduled the deadline for affirmative expert reports to April 5, 2021, the deadline for rebuttal expert reports to April 26, 2021, the deadline for expert depositions to May 10, 2021, and set a new trial date for July 23, 2021. Recognizing the prejudice Plaintiff sustained as a result of the Order, the Court ordered Defendant to pay all costs associated with this extension pursuant to Fed. R. Civ. P. 37(c)(1)(A).

On April 12, 2021, Plaintiff filed a second Motion to Preclude after Defendant again failed to adhere to the expert report deadlines set forth by the Court. *See* ECF No. 56. According to Plaintiff, Defendant requested consent for an additional two-day extension of the expert report deadline to allow Defendant's electrical expert to produce his report. Plaintiff agreed to Defendant's request. After Defendant failed to adhere to this second extension, Plaintiff filed the instant Motion. On April 20, 2021, Defendant filed a Response in Opposition to Plaintiff's Motion. *See* ECF No. 57. In this Response, Defendant informed the Court that, following Plaintiff's Motion, he had produced Mr. Graham's report. Defendant claimed that the report was "a mere seven days late" because Mr. Graham had to attend to a family health emergency out of state. Then during a status conference with the Parties on May 6, 2021, Defense counsel cited the challenges attendant to the COVID-19 pandemic as the cause of his repeated failures to meet the Court's deadlines. Counsel further argued that preclusion was unwarranted in this case, suggesting that the Court should instead impose additional monetary sanctions.

## III.     LEGAL STANDARD

Parties must identify expert witnesses "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  The court may impose sanctions if a party does not comply with these requirements, including preclusion of untimely evidence or experts at trial, unless the failure to comply was justified or substantially harmless.  Fed. R. Civ. P. 37(c)(1).  The court may also prohibit a party who fails to obey the court's discovery orders from introducing designated matters into evidence.  Fed. R. Civ. P. 37(b)(ii).  In making this determination, the court should consider: (1) the prejudice or surprise to the party against whom the witnesses are offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption at trial; (4) bad faith or willfulness in failing to comply with the Court's scheduling order; (5) and the importance of the evidence to be admitted.  *See Pansini v. Trane Company*, No. 17-3948, 2019 WL 1299036, at *3 (E.D. Pa. Mar. 21, 2019) (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)).  "The exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence."  *Konstantopoulos*, 112 F.3d at 719.

## IV.     ANALYSIS

Defendant has once again failed to adhere to the Court's discovery deadlines.  The Court extended the expert deadlines by approximately four months to afford Defendant an opportunity to submit Mr. Graham's expert report.  Plaintiff also consented in good faith to allow Defendant even more time to meet their obligations.  Nevertheless, Defendant only produced Mr. Graham's report upon the filing of the instant Motion.  Having been afforded the benefit of the doubt in the Court's prior Order, Defendant has again brushed aside the Court's deadlines.  Likewise, Defendant again offers *post hoc* rationalizations for failing to meet the Court's deadlines by only

notifying the Court of the purported reasons for delay after the deadlines have passed.

Among these reasons, Defendant cites COVID-19 as a justification for his continued delays. Aside from the fact that the COVID-19 pandemic is a shared human experience that has impacted every person across the planet, the Court notes that the difficulties borne of these challenging times have not prevented Plaintiff from diligently meeting *their* deadlines in this case. Defendant's explanations offer no basis for concluding that the parties "could differ as to whether [Defendant] was required to comply with the disclosure request" or that Defendant's actions were "an honest mistake." *See Pease v. Lycoming Engines*, No. 10-00843, 2012 WL 162551, at *8 (M.D. Pa. Jan. 19, 2012). Defendant's conduct speaks for itself.

In previously denying Plaintiff's first Motion to Preclude, the Court opted to impose lesser sanctions by ordering Defendant to pay all costs associated with the extension of expert deadlines. This sanction was intended to blunt the prejudice imposed on Plaintiff and highlight for Defendant the importance of obeying Court orders. The later objective appears to have gone unsatisfied. Additionally, Defendant's actions have continued to prejudice Plaintiff, having resulted in delays in moving the case forward and additional costs associated with forcing Defendant to abide by their discovery obligations. Defendant also disclosed Mr. Graham's report well after the twice-rescheduled deadline, and only made Mr. Graham available for a deposition less than a week before the expert deposition deadline. The Court declines to continue accommodating Defendant's disregard for the schedule at Plaintiff's expense.

Instead of once again moving the deadlines in this case, forcing Plaintiff to again turn their attention away from meeting other deadlines and disrupting the Court's calendar, the Court finds that the appropriate sanction is preclusion of Mr. Graham's report. This does not prevent Defendant from mounting an effective defense in this case. Defendant still has the expert

conclusions of their fire origins expert at their disposal. These conclusions and observations opine on the same evidence as Mr. Graham's report. Additionally, this Order does not preclude Defendant from seeking counsel from Mr. Graham in generating questions for cross-examination of Plaintiff's experts. What this Order does is prevent Defendant from creating further roadblocks to the progress of this case.

## V. CONCLUSION

Defendant's repeated failures to adhere to the deadlines in this case represent a flagrant disregard of the Court's orders. Despites multiple warnings, the imposition of lesser sanctions, and continued efforts to accommodate Defendant's purported reasons for delay, Defendant continues to demonstrate a lack of regard for opposing counsel or the Court. Preclusion is a serious sanction to be imposed sparingly. But when the Court runs out of carrots, sometimes it must reach for a stick. Plaintiff's Motion is therefore granted. An appropriate Order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge